IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYSEE SOFTWARE LTD.,<br><br>                          **Plaintiff,**<br><br>v.<br><br>VERINT SYSTEMS, INC.,<br><br>                          **Defendant.** | Civil Action No. |

## ORIGINAL COMPLAINT FOR PATENT INFRINGMENT

Plaintiff KeySee Software Ltd. ("KeySee") files this Original Complaint and demand for jury trial seeking relief for patent infringement by the Verint Systems, Inc. ("Verint"). KeySee states and alleges the following:

## THE PARTIES

1. Plaintiff KeySee Software Ltd. is an Israeli limited liability company, with its principal place of business located at 12 Habanim St., Kfar-Sirkin, Israel 49935.

2. On information and belief, Defendant Verint Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located at 330 South Service Road, Melville, New York 11747.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Verint because Verint was organized and is existing under the laws of the state of Delaware; because Verint regularly conducts business in the State of Delaware and therefor has substantial and continuous contacts within this judicial

district; because Verint has purposefully availed themselves to the privileges of conducting business in this judicial district; and/or because Verint has committed acts of patent infringement in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (Patent Infringement)

6. KeySee restates and realleges the preceding paragraphs of this complaint.

7. On August 30, 2011, United States Patent No. 8,009,826 ("the '826 patent") entitled "Cryptoanalysis Method and System" was duly and legally issued by the United States Patent and Trademark Office. KeySee owns the '826 patent by assignment. A true and correct copy of the '826 patent is attached as Exhibit A.

8. On October 23, 2012, United States Patent No. 8,295,477 ("the '477 patent") entitled "Cryptoanalysis Method and System" was duly and legally issued by the United States Patent and Trademark Office. KeySee owns the '477 patent by assignment. A true and correct copy of the '477 patent is attached as Exhibit B.

9. The first named inventor on the '826 patent and the '477 patent (hereinafter the "Barkan Patents") is Dr. Elad Barkan. Dr. Barkan is also the named inventor on Israeli Patent No. 155671 and an allowed EU patent application, both corresponding to the Barkan Patents.

10. Dr. Barkan received his Ph.D. from the Technion – Israel Institute of Technology. Dr. Barkan's Ph.D thesis related to security in GSM mobile networks and included the inventions claimed in the Barkan Patents. Technion released the invention to inventors, Dr. Barkan and his Ph.D. advisor Prof. Biham, who assigned his rights to Dr. Barkan. Dr. Barkan's work related to security in GSM mobile networks received world-wide coverage in the media.

Dr. Barkan eventually commercialized his inventions in KeySee Software, LTD to assist law-enforcement agencies.

11. On March 23, 2008, KeySee and Verint Systems Ltd. entered into an Agreement whereby KeySee would provide the Kc Extractor Products, software code that extracts the Kc Key of the GSM A5/2 in real time, ("Products") to Verint Systems Ltd. Over approximately the next three (3) years, various Verint entities, including Verint Systems BV, VTI – Melville, and Verint Systems Ltd., placed orders for Product from KeySee.

12. By late-2009, Verint and its various subsidiaries stopped purchasing Products from KeySee.

13. On or about December 22, 2011, Elad Barkan met with Joseph (aka Yossi) Nelkenbaum and Amir Barel of Verint. During this meeting, Yossi informed Elad Barkan that Verint was still selling products with GSM key-recovery units, but that those key-recovery units were purchased from another source or obtained from a Verint entity.

14. On or about December 29, 2011, January 4, 2012, January 12, 2012, and January 24, 2012, Elad Barkan met and/or spoke with various Verint employees, including Yossi Nelkenbaum, Eithan Goldfarb, and Ziv Levi concerning Verint's infringement of KeySee's patent rights and a non-disclosure agreement that Verint wished KeySee to enter into (Exhibits C and D). In addition to addressing confidentiality issues, these non-disclosure agreements provided by Verint also required KeySee to give up certain rights, including requiring that "any prior discussions" now be considered "Confidential Information," regardless of whether an NDA was in place at that time. KeySee did not end up signing any of the non-disclosure agreements provided by Verint in early-2012.

15. On information and belief, Verint uses a ciphertext cryptanalysis of GSM encrypted communications received off the air that practices the claims of the Barkan Patents. Based on publicly available information, KeySee suspects that Verint is and has infringed the Barkan Patents.[1]

16. On February 28, 2013, counsel for KeySee, Mr. Kevin Gray, sent a letter via Registered Mail Return Receipt Requested to Mr. Peter Fante, Chief Legal Officer of Verint, informing Verint of the Barkan Patents, requesting information concerning Verint's GSM interception products, and requesting an opportunity for Dr. Barkan to discuss with Verint its continued use of cryptanalysis technology and how such technology relates to the Barkan Patents. (Exhibit E).

17. Neither Mr. Fante nor anyone else from Verint responded to the February 28, 2013 letter.

18. On or around March 21, 2013, Mr. Gray called and left a message for Mr. Fante regarding the February 28, 2013 letter.

19. Neither Mr. Fante nor anyone else from Verint returned Mr. Gray's phone call.

20. On March 25, 2013, Mr. Gray emailed Mr. Fante regarding his February 28, 2013, letter and follow-up phone call requesting a response. (Exhibit F).

21. Neither Mr. Fante nor anyone else from Verint responded to Mr. Gray's email.

22. KeySee timely gave Verint actual notice of the Barkan Patents as early as March 2013, and from that date has sought information that would assist KeySee in confirming whether Verint's systems and methods for performing effective cryptanalysis of GSM encrypted communications are within the lawful scope of one or more claims of the '826 patent.

---

[1] See screen shots from Verint's website attached as Exhibit G.

23. Because Verint has refused to respond to KeySee's inquiries, KeySee has not been able to further analyze the extent Verint's infringement. Therefore, relying on the precedent established in *Hoffman-La Roche, Inc., v. Invamed Inc.,* 213 F.3d 1359 (Fed. Cir. 2000) and on information and belief, KeySee pleads that Verint has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a system and method for performing effective cryptanalysis of GSM encrypted communications, including, but not limited to, Verint's Security Intelligence Service and Support products Engage, Reliant, Star-Gate, Vantage (or systems that are materially similar).[2] Through these activities, Verint has been infringing the Barkan Patents.

24. On information and belief and based on the preceding paragraphs, there was and is an objectively high likelihood that Verint's activities have been and are infringing the Barkan Patents; Verint has been and is infringing the Barkan Patents with knowledge of the patents; and Verint subjectively knew the risk of infringement of the Barkan Patents and/or the risk of infringement of the Barkan Patents was so obvious that Verint should have known of the risk; and thus, Verint's infringement of the Barkan Patents has been and continues to be willful.

25. On information and belief, Verint will continue to infringe the Barkan Patents unless and until it is enjoined by this Court.

26. Verint has caused and will continue to cause KeySee irreparable injury and damage by infringing the Barkan Patents. KeySee will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Verint is enjoined from infringing the Barkan Patents.

---

[2] See Verint screen shots, Exhibit G.

## PRAYER FOR RELIEF

WHEREFORE, KeySee respectfully requests that this Court:

1. Enter Judgment that Verint has infringed the Barkan Patents;

2. Enter an order permanently enjoining Verint and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the Barkan Patents;

3. Award KeySee damages in an amount sufficient to compensate it for Verint's infringement of the Barkan Patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

4. Award KeySee an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

5. Treble the damages awarded to KeySee under 35 U.S.C § 284 by reason of Verint's willful infringement;

6. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award KeySee its attorney fees, expenses, and costs incurred in this action; and

7. Award KeySee such other and further relief as this Court deems just and proper.

## JURY DEMAND

KeySee hereby request a trial by jury on issues so triable by right.

| | |
|---|---|
| Dated:  July 12, 2013 | FISH & RICHARDSON P.C. |
| | By: */s/ Joseph B. Warden*<br>Joseph B. Warden (#5401)<br>222 Delaware Avenue, 17th Floor |

Dated:  July 12, 2013                        FISH & RICHARDSON P.C.

By: */s/ Joseph B. Warden*
   Joseph B. Warden (#5401)
   222 Delaware Avenue, 17th Floor
   Wilmington, DE  19801
   Telephone: (302) 652-5070
   warden@fr.com

   Thomas M. Melsheimer
   Texas Bar No. 13922550
   txm@fr.com
   Carl E. Bruce
   Texas Bar No. 24036278
   ceb@fr.com
   1717 Main Street, Suite 5000
   Dallas, Texas 75201
   Telephone (214) 747-5071

*Attorneys for Plaintiff KeySee Software Ltd.*